**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, JAMES S. JORGENSEN, Administrator of the Funds,** | |
| **Plaintiffs,** | **Case No.: 17 C 891** |
| v. | **Judge Dow** |
| **GA PAVING, LLC., an Illinois limited liability corporation, POWER PAVING CONSTRUCTION, INC., an Illinois corporation also d/b/a POWER PAVING II INC., GEORGE ANGELLILO, individually, and ANTONIO CEFALU, individually,** | **Magistrate Judge Cummings** |
| **Defendants.** | |

**JOINT INITIAL STATUS REPORT**

NOW COME Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers District Council Retiree Health and Welfare Fund, and James S. Jorgensen, not individually, but as Administrator of the Funds, (herein after referred to as the "Funds,") by their attorney, Patrick T. Wallace, and Defendants GA Paving, LLC ("GA Paving")and George Angellilo, by and through their attorney, Edmund P. Wanderling, and Defendants Power Paving Construction, Inc., also d/b/a Power Paving II, Inc. ("Power Paving") and Antonio Cefalu, by and through their attorney, Michael A. Kraft, and hereby submit the Parties' Joint Initial Status Report. In support of this Report, the Parties state as follows:

1. **Claims Asserted**

Plaintiffs filed a seven-count Complaint against the Defendants. Count I and II seek to an audit of both Companies' books and records on a theory of ERISA and alter-ego liability. Counts III and IV seek to compel an audit of both Companies' books and records on the theory of ERISA and single employer liability. Counts V and VI are pled in the alternative seeking the imposition of liability for work subcontracted by GA Paving to Power Paving in the event that Power Paving is not held to an alter-ego or single employer of GA Paving. Count VII alleges fraud against the individual Defendants for the submission of incomplete and inaccurate benefit and dues reports.

Defendants Power Paving and Antonio Cefalu filed a Motion to Dismiss the Complaint which was granted by Judge Dow as to Defendant Cefalu and denied as to Defendant Power Paving. Plaintiffs have been given leave to file an Amended Complaint but the Parties have been engaged in settlement negotiations and Judge Dow has stayed the obligation to file an Amended Complaint while the Parties discuss settlement.

2. **Relief Sought**

Plaintiffs seek to recover alleged unpaid contributions, dues, interest, liquidated damages, audit costs and attorneys' fees and expenses alleged due in accordance with the terms of their Agreement and the Funds' respective Agreements and Declarations of Trust.

3. **Description of Matter Referred**

This matter has been referred to Magistrate Judge Cummings for discovery.

4. **Status of Briefing**

As indicated above, Defendants Power Paving and Antonio Cefalu filed a Motion to Dismiss the Complaint which was granted as to Defendant Cefalu, but denied as to Defendant Power Paving. Plaintiffs have been given leave to file an Amended Complaint but have been authorized not to file the pleading by Judge Dow as the Parties engage in settlement discussions.

5. **Discovery**

The Parties have engaged in formal discovery and the Defendants submitted their books and records for a requested audit which was conducted through December 31, 2016. No additional discovery has been issued by the Parties.

6. **Dates**

No final dates have been set for the close of discovery or for trial by Judge Dow.

7. **Status of Settlement Negotiations**

Plaintiffs have reached a settlement with Defendants GA Paving and George Angellilo and have prepared for filing the appropriate Stipulation to Dismiss. Plaintiffs and Defendants Power Paving and Antonio Cefalu met recently and Defendants proposed a settlement which Plaintiffs are in the process of reviewing with their clients. The Parties are hopeful that a settlement will be reached and obviate the need for further litigation. The Parties recommend that this matter be set for status in forty-five (45) days so that the Parties can report on ongoing settlement negotiations.

February 18, 2019                               Respectfully submitted,

                                                LABORERS' PENSION FUND ET AL.

                                                /s/ Patrick T. Wallace

Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
312/692-1540

                                                GA PAVING, LLC and GEORGE ANGELLILO

                                                /s/ Edmund P. Wanderling

2505 Des Plaines Ave.
North Riverside, IL 60546
705-443-5400

                                                POWER PAVING CONSTRUCTION, INC. AND
                                                ANTONIO CEFALU

                                                /s/ Michael A. Kraft

Kraft Law Office
1919 S. Highland Ave.
DuPage Corporate Center
Building D, Suite 124
Lombard, IL 60148
630-631-9598

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he caused a copy of the foregoing Joint Initial Status Report to be served upon the following persons via electronic notification as noted this 18th day of February, 2019.

Edmund P. Wanderling
2505 Des Plaines Ave.
North Riverside, IL 60546

Michael A. Kraft
Kraft Law Office
1919 S. Highland Ave.
DuPage Corporate Center
Building D, Suite 124
Lombard, IL 60148

/s/ Patrick T. Wallace

5